## THE OHIO SUPREME COURT

17657. Allen Loomis v. The Toledo Railways & Light Co. Error to the Court of Appeals of Lucas county.

NEGLIGENCE—(1) Presumption of from proof of falling poles and wires in a city. (2) Changes upon proof of being caused by a vis major.

JONES, J.

1. A presumption of negligence arises from proof of the falling of poles and electric wires upon the plaintiff's automobile in a city street. The maxim, res ipsa loquitor, applies, requiring an explanation of the cause from the defendant. (Cincinnati Traction Co. v. Holzenkamp, 74 Ohio St., 379, approved.)

2. But where the proof raises a probability that such falling poles and wires were caused by a vis major, the presumption of negligence does not arise. In such case the plaintiff must sustain his specific allegations of negligence by a preponderance of the evidence.

Judgment affirmed.

Robinson, Matthias and Day, JJ., concur. Marshall, C. J., and Allen, J., concur in the judgment. Wanamaker, J., dissents.

---

17472. Raymond J. Logan v. The Cleveland Railway Co. Error to the Court of Appeals of Cuyahoga county.

WITNESS—Recalling of for further cross-examination—Evidence incompetent and given very prejudicial to adverse party—Overruled and withdrawn from jury—Not error to overrule motion for mistrial.

WANAMAKER, J.

Where a witness has been examined, cross-examined and excused from the stand, and some time thereafter is recalled for further cross-examination in reply to a question relating to a summary of his former testimony as to what he desired the court and jury to "understand," and the witness in reply gave an answer in part incompetent, irrelevant and prejudical to the adverse party, which the court upon motion promptly and pertinently withdrew from the consideration of the jury, and emphatically and repeatedly cautioned the jury to disregard it, and expressly and directly reprimanded the witness in the presence of the jury for giving of such testimony, and later, in the general charge, again admonished the jury to exclude from their consideration such answer of the witness:

Held: It is not error for the trial judge to overrule a motion of the cross-examiner for a mistrial, withdrawing a juror and continuing the case.

Judgment reversed.

Marshall, C. J., Robinson, Matthias and Allen, JJ., concur.

---

17146. Nellie McMurtrie v. Wheeling Traction Co. Error to the Court of Appeals of Jefferson county.

NEGLIGENCE—(1) Not contributory. When any phase of facts warrants an inference of due care—(2) When it becomes a question of fact—(3) Court of Appeals may reverse itself, when.

ROBINSON, J.

1. Where any phase of the facts as shown by the evidence upon the subject of contributory negligence, will warrant the inference that the plaintiff, at the time of the injury, was exercising due care, it cannot be said that plaintiff was guilty of contributory negligence, as a matter of law.

2. In all cases where in determing the existence or non-existence of contributory negligence it becomes necessary to detect the truth from conflicting evidence, it becomes a question of fact and not of law.

3. A court of appeals having once reversed a case upon the weight of the evidence is not prohibited by the provision of Section 11577, General Code, to again pronounce judgment of reversal upon the ground that the plaintiff was guilty of contributory negligence as a matter of law. But where it requires the weighing of evidence to determine whether plaintiff was guilty of contributory negligence it becomes a question of fact, and the provisions of that section apply.

Judgment reversed and judgment of the court of common pleas affirmed.

Wanamaker, Matthias, Day and Allen, JJ., concur.

---

17555. Milton Sobolovitz v. The Lubric Oil Company. Certified by the Court of Appeals of Cuyahoga county.

PERSONAL INJURY—Some evidence necessary upon every essential element of case. (2) No predication of one inference of fact upon another. (3) Failure of evidence.

ROBINSON, J.

1. To entitle the plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that he produce some evidence upon every element essential to create liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element.

2. An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence.

3. Where the plaintiff fails to produce any evidence upon an essential element of his case and no reasonable inference can be drawn from a fact supported by evidence which would tend to prove such element, it is error for the court to submit the case to a jury.

Judgment of the common pleas court reversed.

Marshall, C. J., Jones and Matthias, JJ., concur.